**Thomas George ALLEN et al., Plaintiffs,**

**v.**

**PIPEFITTERS LOCAL UNION NO. 208, OF DENVER, COLORADO OF the UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPE FITTING INDUSTRY OF the UNITED STATES AND CANADA (AFL–CIO), et al., Defendants.**

**Civ. A. No. C–3722.**

United States District Court,
D. Colorado.
Aug. 22, 1972.

**474**

Kokish, Garner & Bender by Michael L. Bender and Snead & Wright by Law-rence A. Wright, Jr., Denver, Colo., for plaintiffs.

Philip Hornbein, Jr., Donald B. Gentry, Denver, Colo., for defendants.

## OPINION AND ORDER

CHILSON, District Judge.

This is an action for declaratory judgment, injunctive relief and damages. The action is brought pursuant to 42 U.S.C. Sections 1981 and 1983 and Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e et seq.) The claims are not separately stated.

The action is directed toward defendants' alleged policies of racial discrimination. The complaint alleges that the Pipefitters Local Union No. 208 (Local 208) limits the number of new members it will accept, gives written examinations which are not job related, requires applicants for membership to be recommended by a member in good standing, (there are allegedly seven black journeymen out of approximately 897 members in the Union), requires that applicants be passed on by the Executive Board which allows for a subjective determination and requires that applicants be voted in by a voice vote at a regularly scheduled Union meeting.

Many motions have been filed which are before the Court on briefs.

The defendants Mechanical Contractors Association of Colorado and Denver Metropolitan Association of Plumbing, Heating, Cooling Contractors have moved to dismiss the complaint as to them on the grounds that the complaint does not state a claim upon which relief can be granted. These associations are not charged with having practiced discrimination. The essence of the allegations as to these associations is that they are parties to a collective bargaining agreement executed with Local 208 and hire virtually all of their employees by referral from Local 208's Hiring Hall.

■ These allegations are not sufficient to state a claim against the associations upon which relief may be granted in this action. Their motion to dismiss should be sustained.

It is therefore ordered that the motions of these defendants to dismiss the complaint as to them is granted.

### MOTIONS TO DISMISS BY LOCAL 208 AND JAC

These defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted; that as to all plaintiffs except Allen, the plaintiffs have failed to satisfy the requirements of Section 2000e–5 as a condition precedent for commencing the action and that as to the plaintiff Allen, the Equal Employment Opportunity Commission failed to perform its mandatory duties under Section 2000e–5.

The Court has considered the motions to dismiss and the briefs filed in support of and in opposition thereto and determines that the motions to dismiss should be overruled except in one respect.

These defendants contend that the claims of the plaintiffs made pursuant to Sections 1981 and 1983 cannot be maintained as long as there is an effective remedy to the plaintiffs pursuant to Title VII of the Civil Rights Act, Section 2000e–5 et seq. They cite in support of their contention, Taylor v. Safeway Stores, Inc., 333 F.Supp. 83, (D. Colo.) wherein Chief Judge Arraj stated:

> "We hold, then, that until a prospective plaintiff demonstrates the lack of an effective remedy under Title VII, he cannot maintain an action under § 1981."

This same language in this Court's opinion is applicable to an action pursuant to Section 1983, but additionally Section 1983 is intended to reach only those acts committed under color of state law.

■ Assuming the allegations of the complaint to be true, they are insufficient to establish that the acts complained of were committed under color of state law.

The motion to dismiss should be sustained as to all claims of the plaintiffs herein based upon 42 U.S.C. Sections 1981 and 1983.

The motions to dismiss in all other respects should be denied.

It is ordered that the motions of defendants Local 208 and JAC to dismiss the claims of the plaintiffs pursuant to 42 U.S.C.Sections 1981 and 1983 are sustained and in all other respects are denied.

### MOTIONS TO STRIKE AND FOR SEPARATE STATEMENT

■ Local 208 and JAC have moved to strike paragraph 5 of the prayer for relief on the ground that an award of damages is not a proper or a permissible remedy. These motions are without merit and it is ordered that they are denied.

These defendants have also moved for a separate statement of claims. The Court having sustained the motion to dismiss the claims pursuant to 42 U.S.C. Sections 1981 and 1983, the motions for separate statement are now moot and without merit and it is ordered that they are denied.

### CLASS ACTION MOTIONS

Local 208 and JAC have moved to strike the allegations of the complaint as to a class action or in the alternative for determination as to maintenance of a class action.

The complaint alleges that the class to be represented by the named defendants is composed of:

(a) all black persons who currently have the skills, when measured by objective standards, to do journeymen pipefitters' work;

(b) black persons who are partially skilled, when measured by objective standards, in the pipefitting trade and who wish to expand their skills in the pipefitting trade to reach at least that level of skill which is reflected in the everyday work of the average pipefitter journeyman; and,

(c) all black persons who wish to acquire skills in the pipefitters' trade and who are physically capable of acquiring such skills and performing pipefitting work.

█ The Court determines that this is not a definite and identifiable class nor is the membership of the class capable of definite identification. Neither has it been shown that those persons who can be identified as having an interest in the litigation are so numerous that their joinder is impractical.

It is therefore ordered that the action shall not be maintained as a class action.

It is further ordered that defendants' Local 208 and JAC answer the complaint within fifteen days from this date.