Cora CORNELIUS et al.

v.

Steven MINTER et al.

Civ. A. No. 73–4261–F.

United States District Court,
D. Massachusetts.

Oct. 21, 1974.

Opinion Modified Dec. 20, 1974.

---

Gershon M. Ratner, Boston Legal Assistance Project, Boston, Mass., Ellice Fatoullah, Brighton, Mass., for plaintiffs.

Danielle E. deBenedictis, Asst. Atty. Gen., Boston, Mass., for defendants.

## OPINION

FREEDMAN, District Judge.

This is an action in which plaintiff welfare recipients and the class they purport to represent seek declaratory and injunctive relief against the Commissioner of the Massachusetts Department of Public Welfare and the Secretary of the Massachusetts Office of Human Services alleging a denial of their rights under Equal Protection and Due Process Clauses of the Constitution of the United States, as well as under the Social Security Act, 42 U.S.C. § 301 et seq., by defendants' failure to provide essential and supportive welfare services with reasonable promptness. The case is brought under 42 U.S.C. § 1983 and its jurisdictional counterpart 28 U.S.C. § 1343, and under 28 U.S.C. §§ 2201 and 2202. After extensive discovery, plaintiffs moved for summary judgment on a statement of agreed facts. Defendants had previously moved for summary judgment and had also filed a motion to dismiss. These motions were heard by

the Court on June 12, 1974. After due consideration of the pleadings, oral arguments, memoranda, statement of agreed facts and pertinent authorities, the Court determines the matter to be ripe for summary judgment and hereinafter enters its findings and conclusions.

Plaintiffs have brought this action pursuant to Fed.R.Civ.P. 23 on their own behalf and on behalf of all other public assistance recipients in the Commonwealth of Massachusetts who have been, are, or will be denied financial, supportive or emergency services with reasonable promptness. It appears from the pleadings and from the statement of agreed facts that there is an appropriate class for certification. It is not precisely the one requested by plaintiffs, however, for reasons which appear below. Accordingly, the Court has made the requisite findings in accordance with Fed.R.Civ.P. 23 and by separate order filed herewith has certified the class.

*Findings of Fact:*

One of the named plaintiffs is Cora Cornelius, a mother of five minor children and a recipient of Aid to Families with Dependent Children ("A.F.D.C."). A.F.D.C. is one of the forms of public assistance administered by the Massachusetts Department of Public Welfare ("Department") pursuant to the Social Security Act, 42 U.S.C. § 601 et seq. The other named plaintiff is Patrick Bontempo, formerly a recipient of Disability Assistance ("D.A.") which was, at the time of filing of the complaint, another of the forms of public assistance authorized by the Social Security Act and administered by the Department. Public Law 92–603, enacted on October 30, 1972, repealed Title XIV of the Social Security Act, 42 U.S.C. § 1351 et seq.,[1] the statute under which the D.A. program was operated, effective January 1, 1974. Services formerly administered under D.A. are now provided by the federal government through the Social Security Administration.

The parties have stipulated to further facts which the Court, with some minor modifications, adopts as further findings herein:

1. There are currently approximately 35,000 Massachusetts welfare recipients who have no specific social worker assigned to them to process their requests for financial, supportive and emergency services. The Department designates these recipients as "uncovered cases."

2. Recipients found themselves without a specific social worker or "uncovered" when social workers throughout the state returned cases in excess of existing caseload limitations. Most cases were returned in the following manner:

   a. Newer cases were returned, while older cases were kept; and

   b. All cases in certain geographic areas were returned depending on what street or what block the recipient lived on.

3. In order to provide some help to the thousands of recipients without social workers, most of the larger welfare offices have established skeleton crews to respond to client initiated requests.

4. In substance, a recipient will request either financial, supportive or emergency services. Emergency requests are requests in response to disaster situations, lost and stolen checks and immediate address change. Financial service requests include, for example, requests for changes in the recipient's budget because of a change in living situation, or the birth of a new child. Supportive service requests include, for example, requests for medical needs such as physical therapy, new orthopedic shoes, and a request for job training.

5. There are 115 welfare service offices scattered throughout the Commonwealth. However, the majority of all welfare recipients in the Commonwealth,

---

1. Also repealed by this enactment were Title I (42 U.S.C. § 301 et seq.) and Title X (42 U.S.C. § 1201 et seq.) of the Social Security Act.

including the majority of all "uncovered cases" are served by 34 offices in the large metropolitan areas, including but not limited to the Greater Boston Metropolitan area, Springfield, Worcester and New Bedford. Of the 35,000 "uncovered cases," approximately 18,000 are concentrated in the Boston Regional Office.

6. Recipients who are without social workers who request financial or supportive services can expect to wait from two to six months or more to have their services needs met. Emergency requests for these recipients are generally met in one to two weeks.

7. In the Roxbury Crossing Welfare Service Office, serving 20% of the City of Boston with 4,000 "uncovered cases" in that office alone, statistics compiled show that:

a. 25% of recipient requests, which are emergencies, are met within one week from the date of request;

b. 15% of the recipient requests are met within one month from the date of request;

c. 20% of recipient requests are met within two months from the date of request;

d. 10% of recipient requests are met in three months from the date of request;

e. 10% of the recipient requests are met within four months from the date of request;

f. 10% of recipient requests are met within five months from the date of request;

g. 10% of recipient requests are met within six months or more from the date of request.

The backlog of current requests increases weekly. It is agreed that a backlog of recipient requests similar to that in the Roxbury Crossing Welfare Service Office is also occurring throughout the Commonwealth in several of the large welfare offices of the Department.

8. Of the 35,000 "uncovered cases" throughout the Commonwealth, approximately 3,500 call the Department weekly to request services.

9. Whether a recipient receives the assistance for which he is eligible promptly or not depends on such factors as whether he is a covered or uncovered case and in what geographical areas of the state he lives. "Uncovered cases" generally are the ones who must wait months for service, whereas covered cases generally are served promptly.

10. Those Massachusets recipients who are covered cases generally receive financial and supportive services for which they are eligible in as short a time as two or three weeks, whereas Massachusetts recipients who are "uncovered cases" must wait two to six months or more to receive the financial and supportive services for which they are eligible.

11. The reason it takes the Department months to provide services to certain recipients is that the Department does not have enough staff to process all requests promptly.

*Conclusions:*

Plaintiffs assert both constitutional and statutory bases for relief. Since the Court is of the opinion that the matter can be decided on statutory grounds, the constitutional issues need not be reached. Dandridge v. Williams, 397 U. S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). Adens v. Sailer, 312 F.Supp. 923 (E.D.Pa., 1970).

■ A.F.D.C., the category of public assistance under which plaintiff Cornelius' claim arises, is the product of a federal/state cooperative venture. *See* 42 U.S.C. § 601 et seq. The statutory scheme is such that the federal government provides most of the funding in return for the state's agreement to conform to federal requirements. Mr. Chief Justice Warren, in King v. Smith, 392 U.S. 309, 316, 88 S.Ct. 2128, 20 L. Ed.2d 1118 (1968), more fully describes this "scheme of cooperative federalism." *See also* Banner v. Smolenski, 315 F. Supp. 1076 (D.Mass., 1970). It is clear

that while the states have wide latitude in designing their particular programs, there are certain immutable requirements which they must meet to qualify for federal money and to maintain this eligibility. Dandridge v. Williams, *supra*; King v. Smith, *supra*.

Plaintiffs' principal statutory contention is that defendants have failed to comply with the law in that financial and supportive services are not rendered with "reasonable promptness." The A.F.D.C. statute provides in relevant part:

. . . that aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals. 42 U.S.C. § 602(a)(10).

The stipulated facts provide the time frame: ". . . recipients who are 'uncovered cases' must wait two to six months or more to receive the financial and supportive services for which they are eligible." Finding No. 10. Finding No. 6 mentions the two to six month waiting period and further indicates that emergency requests are handled in one to two weeks.

■ The issue is clear: do these time periods satisfy the requirement for "reasonable promptness" under the statute?[2] Defendants argue that Congress has not defined the term in this context and that, therefore, courts are without power to determine the meaning. On the contrary, courts are uniquely suited to determining what is reasonable in such a situation. Like v. Carter, 448 F.2d 798 (8th Cir., 1971), and Adens v. Sailer, *supra*, are two recent cases in which just such a task has been undertaken by the courts.

*Like* dealt with a situation in which initial applications for assistance were being unduly delayed beyond the period provided by the Handbook of Public As-

sistance Administration. The Handbook set a thirty-day time limit for processing these applications.[3] The limits were set in order to clarify the promptness provision in 42 U.S.C. § 602(a)(10). The Court, in *Like*, emphasized the importance of reasonable promptness in receiving assistance:

It is established that the need of eligible welfare applicants for prompt relief is urgent and great, and that eligible applicants are entitled to prompt relief as a matter of right. 448 F.2d at 804.

Clearly, welfare recipients' needs are as crucial on a continuing basis as they are at the time of initial processing.

Adens v. Sailer, *supra*, was concerned with emergency payments and defined the time period for such emergencies as ". . . immediately and without any undue delay." *Id.* at 927 of 312 F.Supp. Emergency services are being delivered to the "uncovered cases" in this case in one to two weeks. Finding No. 6.

■■ It does not require an exhaustive analysis of the legislative history, the statute, and case law to find in this case that two to six months is unreasonable. The conclusion is unavoidable that these "uncovered cases" are not being serviced with "reasonable promptness." *See* Findings 6, 7, 10. This becomes even more apparent when one compares the relatively short period in which the "covered cases" receive assistance. Finding No. 10. The Court is not unmindful of the difficulties faced by defendants in meeting the requirement of reasonable promptness. However, staffing and funding problems are not sufficient to absolve the defendants of their failure to satisfy the mandatory provisions of the statute. When a state accepts federal money for its public assistance program, it does so with the realization that there are "strings attached." A subsequent failure to follow the ap-

---

**2.** The use of the word "promptly" in Finding No. 11 appears to concede the issue, but the Court assumes it was used only in a loose, descriptive sense.

**3.** The thirty-day requirement has now been changed to forty-five days. 45 C.F.R. 206.-10(a)(5).

**622**

plicable federal statutes and regulations may result in a withdrawal of federal funds. Rosado v. Wyman, 397 U.S. 397, 420, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). Adens v. Sailer, *supra*, at 927 of 312 F.Supp.

■ Defendants argue that the case is moot since the individual plaintiffs have received the services which they sought. It is well settled that if "live" issues remain to be determined the requirement of Article III of the United States Constitution that there be a "case or controversy" is satisfied and mootness does not lie. Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L. Ed.2d 491 (1969). The issues remaining in this matter are declaratory, injunctive and class relief.

■ In one aspect of this case, however, the claim of mootness is well taken.[4] The claim of plaintiff Bontempo is based upon Title XIV of the Social Security Act, 42 U.S.C. § 1351 et seq. As indicated above, this program was repealed by Congress effective January 1, 1974 and its successor program is administered by the Social Security Administration. In view of the fact that the remaining relief is prospective in nature, Bontempo's presence in this case serves no useful purpose. Accordingly, the action is dismissed for mootness as to plaintiff Bontempo.

■ Defendants' contention that the action is barred by the Eleventh Amendment is without merit. A recent case brought under the Social Security Act, Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974), while holding that retroactive payments from the state treasury may not be awarded, reaffirmed that the Eleventh Amendment does not bar prospective injunctive and declaratory relief against a state.

Defendants' reliance upon Ad Hoc Committee on Judicial Administration v. Commonwealth of Massachusetts, 488 F.2d 1241 (1st Cir., 1973), cert. denied 416 U.S. 986, 94 S.Ct. 2389, 40 L.Ed.2d

763 (1974), is similarly misplaced. That case sought a restructuring of the Massachusetts state court system and was dismissed for failure to state a cause of action. *Id.*, 358 F.Supp. 953 (D.Mass., 1973). Ad Hoc Committee lacked the elaborate federal/state cooperative scheme described above which provides this case with the necessary element of justiciability.

In accordance with the foregoing considerations, the Court determines that the defendants have failed to supply essential and supportive services with the requisite "reasonable promptness" and that the plaintiff and the class she represents are entitled to summary judgment.

*Relief*:

The Court orders that the parties prepare and submit, within two weeks of the date of this order, proposed orders for declaratory and injunctive relief consistent with the foregoing opinion. Plaintiffs have filed proposed relief, but in view of the narrow ground upon which the Court has ruled and the fact that some time has intervened since the hearing, they may wish to make revisions. As soon as such proposals as the parties may wish to submit have been filed, the Clerk will schedule a hearing on the matter.

ORDER

■ Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(1), the Court determines and orders that Civil Action No. 73–4261–F is properly maintainable as a class action. The Court orders that plaintiff Cornelius may sue as a representative party on behalf of the following class:

All public assistance recipients in the Commonwealth of Massachusetts, under programs administered by defendants, pursuant to the Social Security Act, who are or will be denied financial, supportive or emergency services

4. See Affidavit of Carol A. Anthony, filed June 12, 1974.

either entirely or with reasonable promptness.

The Court finds that the class is so numerous that joinder of all members is impracticable, that there are questions of law or fact common to the members of the class, that the claims of the representative party are typical of the claims of the class she represents, and that the representative will fairly and adequately protect the interests of the class. Further, the Court finds that the parties opposing the class have acted or refused to act on grounds generally applicable to the class. That is, they have failed to furnish essential and supportive welfare services to the plaintiff class with reasonable promptness.

### AMENDMENT TO OPINION OF OCTOBER 21, 1974

It has been called to the attention of the Court that while recent amendments to the Social Security Act[1] have altered the financial structure of the D.A. program extensive services are still provided by the defendants to S.S.I. recipients. Accordingly, the Court modifies its opinion to reflect this fact.

It is hereby declared that defendants, by failing to provide financial, supportive or emergency services entirely or with reasonable promptness to public assistance recipients in Massachusetts under programs administered by defendants pursuant to the Social Security Act, have violated the following provisions of the Act and regulations thereunder:

1. for AFDC recipients—42 U.S.C.A. § 602(a)(10);

2. for MA recipients—42 U.S.C.A. § 1396a(a)(8);

3. for SSI recipients—45 C.F.R. 222.5

Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(1) the Court determines and orders that Civil Action No. 73–4261–F is properly maintainable as a class action. The Court orders that plaintiffs Cornelius and Bontempo may sue as representative parties on behalf of the following class:

All public assistance recipients in the Commonwealth of Massachusetts under programs administered by defendants, pursuant to the Social Security Act, (i. e. AFDC, MA and SSI) who are or will be denied financial, supportive or emergency services either entirely or with reasonable promptness.

The Court finds that the class is so numerous that joinder of all members is impracticable, that there are questions of law or fact common to the members of the class, that the claims of the representative party are typical of the claims of the class they represent, and that the representatives will fairly and adequately protect the interests of the class. Further, the Court finds that the parties opposing the class have acted or refused to act on grounds generally applicable to the class. That is, they have failed to furnish essential and supportive welfare services to the plaintiff class with reasonable promptness.

---

1. See Cornelius v. Minter, 395 F.Supp. 616 (D.Mass.1974).