Earnest CUSTOM et al., Plaintiffs,

v.

James L. TRAINOR et al., Defendants.

No. 76 C 354.

United States District Court,
N. D. Illinois, E. D.

April 5, 1977.

Robert P. Burns, Richard Jay Hess, James D. Weill, Legal Assistance Foundation, Chicago, Ill., for plaintiffs.

Mark Pearlstein, Sp. Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM DECISION

MARSHALL, District Judge.

Plaintiffs have moved to alter, amend, or vacate our judgment entered November 30, 1976, dismissing this action, which attacks defendants' alleged practice of delaying applications for General Assistance (GA) benefits, as moot. For the following reasons, plaintiffs' motion is granted, and this action is reinstated.

Prior to our ruling on the motion for class certification, plaintiff Custom, the only named class representative, had received GA benefits. He thus had been given all the relief he sought individually and was no longer a member of the class. Recognizing that a class action, moot as to the named plaintiff, may be certified if the duration of the claim is typically short, we nevertheless dismissed the action because defendants' voluntary actions, and not the passage of time, mooted the case. At that time, we failed to perceive the significance of the fact that Custom's claim was also of a type which would normally be of short duration.

The proposed class includes eligible applicants for GA who have not been granted benefits within 45 days of the application date. The GA statistics submitted to the court indicate that many of these eligible applicants are granted benefits within 60 days. Further, plaintiffs assert that few eligible applications remain pending longer than 90 days. Thus, the claim of most class members is of short duration. The conclusion follows that this claim does evade judicial determination because any other class member's claim would be mooted out by the passage of time. Without class certification, this claim could remain unredressed for want of a plaintiff who could retain a personal stake until the class could be certified. By taking voluntary action with respect to Custom, defendants have not altered the typical duration of the claim for other members of the class Custom represents.

The reasoning of the Supreme Court in *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), and *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), convinces us that this conclusion is the correct one and our earlier dismissal was erroneous. In *Sosna*, the Court indicated that its analysis of whether a claim is "capable of repetition, yet evading review" depends upon the presence or absence of class allegations. If plaintiff brings the action on his own behalf, and the action expires due to the passage of time, the action is not capable of repetition unless the defendant is likely to act again towards that particular plaintiff. On the other hand, in a class action, the injury is capable of repetition if the defendant is likely to repeat the injury against other class members even though the named plaintiff will not again sustain the injury.[1] For the purposes of analyzing mootness, then, the class itself acquires a legal existence apart from the class representative. In other words, the court must take into account the circumstances of the class as a whole and not merely those of the class representative.

---

1. This distinction disposes of defendants' contention that Custom will not again be subject to delay in his application for GA. Even if he never again applies for GA, other applicants for GA may be forced to endure delay.

■ Similarly, when class allegations are present, the typical duration of the claim is tested with reference to the class as a whole. Thus, it is erroneous to deny class certification due to the circumstances of Custom, the class representative, if the duration of the claim for other class members is typically short.[2]

In *Gerstein*, the Court identified one case in which certification of a class with a moot named representative may be proper. Plaintiffs in *Gerstein* were members of a class of pretrial detainees who claimed that their detention was illegal. The named plaintiffs were convicted during the course of the litigation, although the record did not indicate whether the case became moot before class certification. Defendants included justices of the peace, small claims judges, law enforcement officials, and the local State's Attorney. The Court found that the case was a suitable exception to the rule normally precluding certification of class actions moot as to the named representative. Its finding was premised on the fact that pretrial detention is temporary and could be ended at any time by release on recognizance, dismissal of the charges, or a decision on the merits of the case. Since the timing of these events was largely under the defendants' control, it could be said that defendants' voluntary acts would end plaintiffs' detention and moot the lawsuit. Nevertheless, since defendants were almost certain to act within a relatively short period of time, the claim was one which would inevitably evade judicial review due to the passage of time. *Gerstein*, therefore, stands for the proposition that a class action may be certified when defendants' voluntary actions moot the claim of the named plaintiff; and (1) the claims of the other class members are within the defendants' control, and (2) defendants customarily act within a short period of time.

.The welfare applicants in the instant case, like the pretrial detainees in Gerstein, have inherently short-lived claims that may be mooted at any time (and will be mooted relatively quickly) by the very officials whose conduct they seek to correct.[3] This case is within the *Sosna-Gerstein* exception. *Frost v. Weinberger*, 515 F.2d 57, 64 (2d Cir. 1975).

Having reinstated the action, it is appropriate to proceed to plaintiffs' motion for class certification and defendants' motion to dismiss, which were previously fully briefed.

■ If plaintiff establishes that the requirements of Rule 23 are met, then an appropriate class should be certified. *Vickers v. Trainor*, 546 F.2d 739 (7th Cir. 1976). Initially, the definition of the class must be established. According to the complaint, the action is brought on behalf of persons who are eligible applicants for public assistance under the General Assistance Program in Chicago and who have filed or will file an application for public assistance under the General Assistance Program and who have not been or will not be provided benefits within 45 days after the application date. Defendants have taken no action with respect to persons who will file applications for GA and their inclusion in the class is improper. *Mathews v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883, 1887 n. 3, 48 L.Ed.2d 478 (1976). See discussion in *Curtis v. Voss*, 73 F.R.D. 580 (N.D.Ill.1976). In one of their briefs, plaintiffs have stated that the action is also brought on behalf of members of the Chicago Welfare Rights Organization. Plaintiffs, however, do not argue that CWRO has organizational standing, and its inclusion in the class definition is superfluous.

---

2. Of course, the plaintiff's claim must be typical of the claims of the rest of the class, Rule 23(a)(3), but under *Sosna*, if a moot class is certified, certification relates back to the filing of the complaint and the prerequisites of Rule 23 must be satisfied as of that date.

3. It remains possible for defendants to voluntarily moot the claims of an entire class before class certification. Here, for example, defend-ants might have begun processing all GA applications within 45 days, in the interim between the filing of the complaint and class certification. Then the court would dismiss the action unless it appeared that defendants were prepared to resume the disputed conduct as soon as the issue was removed from the court's scrutiny.

Accordingly, the class consists of eligible applicants for GA in Chicago who are not provided benefits within 45 days of the application date.

In Count III plaintiffs seek to represent all applicants, eligible or not, who must wait over 30 days for a decision on their GA application. This class definition must also be amended to exclude persons who have not yet been injured by the delay.

■ The specific prerequisites to a class action are that the class be numerous, that there be common questions of law or fact, that the claims or defenses of the representative party be typical of those of the class, and that the parties adequately protect the interests of the class. Our analysis of these factors relates back to the filing of the complaint, *Sosna, supra,* and we find that the prerequisites are satisfied.

■ The statistics submitted to the court indicate that hundreds of applications for GA are pending in Chicago districts from 31 to 60 days after the date of application. Many of these applications are disposed of within 45 days, but in January, 1976, when the complaint was filed, 62 applications had been pending over 60 days in the Austin district office alone. The numerosity requirement is thus met. Common questions of fact and law exist and include whether defendants' practice of delay violates the due process clause of the Fourteenth Amendment and the Illinois Public Aid Code. Custom's claim is typical because when the complaint was filed, his application for GA had been pending over 45 days. The representation is adequate because Custom's lawyers are experienced in welfare litigation. Since injunctive and declaratory relief is sought, the class may be certified under Rule 23(b)(2).

■ In *Gerstein, supra,* however, the Court mentioned additional factors which must be taken into account when a class with a moot representative is certified. These factors help insure that the class, if not the class representative, is an existing entity at the time the class is certified and that the class has a continued interest in the vigorous prosecution of the action. Specifically, the Court in *Gerstein* explained that

> the constant existence of a class of persons suffering the deprivation is certain. The attorney representing the named respondents is a public defender, and we can safely assume that he has other clients with a continuing live interest in the case. 420 U.S. at 110, n. 11, 95 S.Ct. at 861.

Point for point, these same conditions exist here. Plaintiffs have sufficiently demonstrated the continued existence of the class by submitting statistics showing that the practice of delay has continued for over a year. The latest statistics are for March, 1976. Plaintiffs' attorneys in this case are experienced in litigating welfare class actions, and they assert that they have other clients with a continuing live interest in this action.[4]

■ Finally, we turn to the merits of defendants' motion to dismiss. As we noted in *Barnes v. Trainor,* No. 75 C 4175 (N.D.Ill. Aug. 10, 1976), eligible applicants for GA have a legitimate claim of entitlement to benefits and their claim warrants the procedural safeguards of due process of law. Unreasonable administrative delays in commencing payment of benefits can constitute a deprivation of property in violation of the due process clause.

■ Defendants raised a number of objections to the complaint, and none of them are meritorious. First, they contend that a single instance of a misplaced application for GA is insufficient to allege a pattern and practice of delay. The allegations of classwide injury in the complaint,

---

4. Plaintiffs might have moved to intervene one of their other clients with an interest in the case as plaintiff. Such a motion is not necessary, however, because it might well have been regarded as an exercise in futility. When the claims of the plaintiff class members are not typically of short duration, however, substitution of a plaintiff with a live claim for a plaintiff whose action has become moot is appropriate. *Robinson v. Leahy,* 73 F.R.D. 109 (N.D.Ill. 1977) (Flaum, J.); *Banks v. Multi-Family Management, Inc.,* 406 F.Supp. 876 (E.D.Va.1975).

however, are sufficient to withstand a motion to dismiss on this ground. Second, defendants argue that since the GA program is entirely state funded, its administration does not raise an issue of federal constitutional law. It is well established that under § 1983, however, federal courts have jurisdiction over suits against state officials for acts done under color of state law that violate federal rights such as the right not to be deprived of property without due process of law. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Moreover, the Seventh Circuit Court of Appeals has twice ruled that the actual operation of state funded general assistance programs must be in conformity with the due process clause. *White v. Roughton*, 530 F.2d 750 (7th Cir. 1976); *Brooks v. Center Township*, 485 F.2d 383 (7th Cir. 1973), *cert. denied, Indiana v. United States Court of Appeals*, 415 U.S. 911, 94 S.Ct. 1455, 39 L.Ed.2d 496 (1974).

■ Third, defendants claim that Count III, which alleges that defendants' practice of delay violated the Illinois Public Aid Code, must be dismissed because this court lacks jurisdiction over it. Count III, however, is within pendent jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Finally, defendants argue that the action is moot. This contention essentially restates issues now rejected in our discussion of class certification.

In sum, plaintiffs' motion to alter, amend, or vacate our judgment of November 30, 1976, and to reinstate the action is granted. Plaintiffs' motion for class certification is granted in accordance with the revised definition of the class. Defendants' motion to dismiss is denied and defendants are ordered to answer in 20 days. Cause set for report on status Friday, April 22, 1977 at 9:30 a. m.