**TONYA K. By her mother and next friend, DIANE K., Cleo C., Jr., by his father and next friend, Cleo C., Sr., Dennis A. by his mother and next friend, Ramona M., on their own behalf and on behalf of other persons similarly situated, Plaintiffs,**

v.

**CHICAGO BOARD OF EDUCATION, Angeline Caruso, Interim Superintendent of the Chicago Board of Education, Albert Briggs, Assistant Superintendent for Pupil Personnel Services and Special Education of the Chicago Board of Education, and Donald G. Gill, Illinois Superintendent of Education, Defendants.**

No. 81 C 580.

United States District Court,
N.D. Illinois, E.D.

Dec. 8, 1982.

Susan M. Sitter, Chicago, Ill., for plaintiffs.

Paul Millichap, Robert J. Krajcir, Julia Quinn Dempsey, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

This is a class action brought by three handicapped children, Tonya K., Cleo C., Jr. and Dennis A. ("named plaintiffs"), who have been excluded from the Chicago public schools due to their handicaps but who have not been placed in appropriate private educational programs. The defendants are the Chicago Board of Education, its Interim General Superintendent and Assistant Superintendent for Pupil Personnel Services and Special Education and the Illinois Superintendent of Education ("defendants").

Federal jurisdiction is asserted pursuant to the Education of All Handicapped Children Act, 20 U.S.C. §§ 1401 et seq. and implementing regulation 34 C.F.R. §§ 300.1 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and implementing regulations 34 C.F.R. §§ 104.1 et seq.; and the Due Process and Equal Protection Clauses of the United States Constitution; and pendent jurisdiction pursuant to Article 14 of the Illinois School Code, Ill.Rev.Stat. ch. 122, §§ 14–1.01 et seq. The named plaintiffs seek declaratory and injunctive relief on behalf of all similarly situated handicapped children, ages three to twenty-one. The named plaintiffs allege that the defendants failed to timely place them in private residential educational settings in violation of administrative orders and their rights to a free appropriate education.

The matter currently is before the Court on a motion for class certification. The class proposed is

all handicapped children, ages 3 through 21 who a) have been excluded, are being, or will be excluded from the defendant Chicago Board of Education public schools because of their handicap, b) have been, are being or will be determined by either the Chicago defendants or through the state administrative process to need placement in a private educational facility and c) have not been, are not being and will not be placed in such facilities by the Chicago defendants in a timely manner.

The motion makes no distinction between members who require placement in a private residential facility and those who require education in a private day facility.

The defendants object to class certification for six reasons:

1) A class composed of future claimants is overbroad and indefinite;

2) The allegation of "untimely" placement is untenable where, as here, the class will include members with multiple handicaps requiring individually tailored responses;

3) Numerosity is lacking as "untimeliness" of placement is unascertainable;

4) Typicality is lacking since the named plaintiffs need residential care but seek to represent members who need day placement as well as members requiring residential care;

5) No factual or legal question is common to the class due to the unidentical problems and needs of its members; and

6) The claim is moot since the named plaintiffs have been placed.[1]

For the reasons stated below, the Court finds that the class sought to be certified meets the requirements of Fed.R.Civ.P. 23(a) and 23(b)(2). Accordingly, the motion for class certification is granted.

## Discussion

■ The requirements for class certification are governed by Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Each requirement is met here.

First, the proposed class is so numerous that it would be impracticable to join its members. The Chicago defendants admit that when the suit was filed 129 children awaited placement in private facilities. Each of these had been found by the defendants to need private schooling. Of these, 106 children had waited more than one month to be placed. Courts have certified classes composed of far fewer than 129 persons seeking vindication of civil rights. *See, e.g., Arkansas Education Association v. Board of Education,* 446 F.2d 763, 765–66 (8th Cir.1971) (certification of a class of 20 black teachers alleging discrimination affirmed); *Cypress v. Newport News General and Nonsectarian Hospital Association,* 375 F.2d 648, 653 (4th Cir.1967) (certification of a class of 18 black physicians alleging discrimination affirmed); *Urban v. Breier,* 401 F.Supp. 706, 709–10 (E.D.Wis.1975) (certifi-

cation of class of 53 persons alleging unlawful arrest). Accordingly, either 120 or 106 [2] would be a sufficient number of members to satisfy numerosity.

■ Moreover, the class proposed is potentially larger than 129 since it consists of children not now awaiting placement but who will be found in need of private placement and will not be placed timely. A class action seeking only declaratory or injunctive relief is an appropriate relief mechanism from conduct likely to cause future injuries similar to those suffered contemporaneously. *See, e.g., Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711 (7th Cir.1969); *Batiste v. Furnco Construction Co.,* 350 F.Supp. 10 (N.D.Ill.1972). Indeed, classes of handicapped persons including future claimants who allege deprivation of the right to a free appropriate education have been certified. *See, e.g., Green v. Johnson,* 513 F.Supp. 965 (D.Mass.1981); *Kruse v. Campbell,* 431 F.Supp. 180 (E.D.Va.) *vacated on other grounds,* 434 U.S. 808, 98 S.Ct. 38, 54 L.Ed.2d 65 (1977).

*Green v. Johnson* is illustrative. There, inmates of Massachusetts' correctional institutions challenged the state's failure to provide special education programs to educationally-needy inmates. The precise composition of the class certified is unclear from the opinion—but the concerns of the court for future claimants is explicit. The *Green* court found that many inmates were under 22 and lacked high school diplomas and the probability was that a significant percentage of that group required but did not receive special education. The court also found that from one to seven potentially eligible inmate/students were admitted to prison monthly. Such evidence "considered in light of the fact that the inmate population ... is constantly revolving, establishes sufficient numerosity that joinder of the class is impracticable." *Id.* at 975.

---

1. Tonya K. and Dennis A. were placed in private residential schools as ordered. Cleo C., however, was placed in a private day facility pending the availability of an appropriate residential facility.

2. A finding that 106 class members satisfies the numerosity requirement does not indicate that a waiting period longer than one month is untimely. No such judgment is made at this time.

Thus, in *Green v. Johnson,* it was the real spectre of future claimants' deprivations which facilitated a finding of sufficient numerosity. Similarly, it is probable in a school system as large as Chicago's that there will be in the future many handicapped students who are diagnosed by the defendants to be in need of private placement but who may be prejudiced by untimely access to such services.

The cases relied upon by the defendants are not analogous to this case. In each of those cases, a class of prospective plaintiffs was rejected, but the reason was that future injuries turned on potential claimants' subjective and indefinite states of mind. *Miller v. Krawczyk,* 414 F.Supp. 998 (D.Wis. 1976) (class of those who presently reside or *desire* to reside outside the county rejected); *Allen v. Pipefitters Local No. 208,* 56 F.R.D. 473 (D.Colo.1972) (class of blacks who *wish* to acquire skills and perform pipefitting work rejected); *Vietnam Veterans Against the War v. Benecke,* 63 F.R.D. 675 (W.D.Mo.1974) (class of persons who attend, participate or *wish* to participate in antiwar demonstrations rejected). Unlike those cases, the potential injuries of handicapped students needing but not receiving private education will derive from the defendants' failure to place or to place them timely and generally not from the children's wishes.

■ Even if the Court determined that future claimants should not be included in this class, which it does not, the motion for class certification could be granted. Automatic denial of a class is not required where, as here, the presently injured plaintiffs are sufficiently numerous. *Matthews v. Diaz,* 426 U.S. 67, 71 n. 3, 96 S.Ct. 1883, 1887 n. 3, 48 L.Ed.2d 478 (1976).

The defendants also challenge numerosity indirectly by noting that the concept of "timely" placement embodied in federal law and regulations is too vague for judicial oversight. Their argument is that the complexity and diversity of each claimant's problems and needs would force a court to scrutinize the facts and circumstances of each claimant's case in order to assess time-

ly placement, *i.e.,* what is untimely for one is not necessarily untimely for another, more difficult case. The defendants assert that where an arbitrary timeline of six months is used to measure timely placement, only ten students have awaited placement for more than six months.

That argument fails. The federal regulations regarding timely placement, while not explicit, are not so vague either. The defendants correctly directed the Court's attention to 34 C.F.R. § 300.342(b)(2), described by them as the "most restrictive regulation." That regulation requires only that a child's education plan be implemented "as soon as possible." The defendants, however, failed to cite the commentary to section 300.342(b)(2), which reads

*Comment.* Under paragraph (b)(2), it is expected that a handicapped child's individualized education program (IEP) will be implemented *immediately* following the meetings under § 300.343. An exception to this would be (1) when the meetings occur during the summer or a vacation period, or (2) where there are circumstances which require a short delay (e.g., working out transportation arrangements). However, there can be *no undue delay* in providing special education and related services to the child. (emphasis added).

While the regulation does not order placement within a specific number of days nor present an exhaustive list of exceptions to immediate placement, it is clear that unreasonable or "undue" delay is intolerable.

In the context of delivery of welfare services, it has been held that "courts are uniquely suited for determining what is reasonable promptness." *Cornelius v. Minter,* 395 F.Supp. 616, 621 (D.Mass.1974). *See also Wyatt v. Aderholt,* 503 F.2d 1305, 1314 (5th Cir.1974); *Smith v. Trainor,* 76 C 526 (N.D.Ill.1979).

In *Jose P. v. Ambach,* 79 C 270 (E.D.N.Y. Jan. 5, 1982), a case virtually identical to the instant one, the court authorized unilateral placement of children who awaited educational placement for more than sixty

days.[3] The class certified in *Jose P.* included several thousand children with multiple educational problems. *See also Jose P. v. Ambach,* 669 F.2d 865 (2d Cir.1982). This Court is competent to determine whether a placement has been made "without undue delay" and yet not become enmeshed in the technicalities of each child's educational infirmities and programs.

■ Second, there are both factual *and* legal questions common to the proposed class. The law is that it is sufficient for class certification that the common questions be either of fact or law. Furthermore, not all factual or legal questions raised in the litigation need be common so long as a single issue is common to all class members. *See, e.g., Edmondson v. Simon,* 86 F.R.D. 375 (N.D.Ill.1980); *Midwest Community Council v. Chicago Park District,* 87 F.R.D. 457 (N.D.Ill.1980). A class action will not be defeated solely because there are some factual variations among the class members' grievances. *Patterson v. General Motors Corp.,* 631 F.2d 476 (7th Cir.), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1980).

The common facts in this case are that *all* children in the proposed class have been or will be diagnosed as handicapped and in need of private educational service. Of 129 children so diagnosed, *none* was placed when suit was filed. The common and *only* legal issue, therefore, is whether the defendants' failure to place them is untimely and violative of their federal and state rights to a free appropriate education.

Contrary to the position argued by the defendants, it is irrelevant for commonality purposes that class members are variously disabled or need either day or residential placement. Courts have not found the diverse handicaps and needs of class members to be an obstacle to a finding of commonality. *See, e.g., Jose P. v. Ambach, supra; Mills v. Board of Education of District of Columbia,* 348 F.Supp. 866, 868 (D.D.C. 1972); *Green v. Johnson, supra.* The Court is not asked here to determine whether a placement decision is appropriate. Regardless of the diagnoses made, what is important—and common—is that a class member's educational needs be promptly met.

■ Third, typicality is satisfied for reasons similar to those supporting a finding of commonality. The typicality rule requires only that the claims of the named plaintiffs be based on the same legal theory as class members' claims. *Martino v. McDonald's System, Inc.,* 81 F.R.D. 81 (N.D.Ill. 1979). Typicality refers to the nature of the representative's claim and not to the specific facts from which relief is sought. *Long v. Thornton Township High School Dist. 205,* 82 F.R.D. 186, 190 (N.D.Ill.1979). Here the legal theory, untimely placement leading to a denial of access to free appropriate education, is the same for the named plaintiffs and for all other current and future handicapped students who await private placement by the defendants, regardless of whether day or residential care is sought.[4]

---

**3.** In some respects, *Jose P. v. Ambach* may be an easier case to decide than the instant one. There the court had a firm timeline to guide it. New York law required placements to be effected within sixty days. N.Y. McKinney's Education Law § 4404(1); 8 N.Y.C.R.R. § 200.-5(d). In the case at bar, the defendants argue that Ill.Rev.Stat. ch. 122, § 14–8.02 might authorize delays up to eight months between referral and placement since that section provides that a child must be placed, pursuant to the individualized education program, no later than the beginning of the next school semester. Thus, where a child is referred in the latter part of January, which is the start of a new semester, a strict reading is that placement is timely until early in September. The plaintiffs respond that to the extent that Illinois law can be read to permit an eight month delay in placement, the law is inconsistent with federal law and invalid. The issue of the propriety of Ill. Rev.Stat. ch. 122, § 14–8.02, is not properly before the Court and, therefore, no decision on its legitimacy is required at this time.

**4.** The defendants offer an affidavit by the parents of Cleo C. saying that they are not displeased with the interim day care placement made for him pending the availability of a residential school. The Court is unclear as to the purpose of this affidavit. If Cleo C. seeks to withdraw from this lawsuit, that is his option. Two named plaintiffs would remain. If the purpose of the affidavit is to discredit a finding of typicality, no such purpose is met. A court

Finally, the named plaintiffs adequately represent the interest of the class (1) in terms of ability to conduct the litigation and (2) such that the named plaintiffs' interests are not antagonistic to those of the class. *See, e.g., Susman v. Lincoln American Corp.,* 561 F.2d 86, 90 (7th Cir.1977). The plaintiffs are represented by attorneys from the Legal Assistance Foundation of Chicago ("LAF"). LAF attorneys have competently represented plaintiff classes of handicapped persons before this Court on numerous occasions. *See, e.g., Gary B. v. Cronin,* 542 F.Supp. 102 (N.D.Ill.1982); *Parents In Action on Special Education v. Hannon,* 506 F.Supp. 831 (N.D.Ill.1980); *Lloyd v. Illinois Regional Transportation Authority,* 548 F.Supp. 575 (N.D.Ill.1982); and *Illinois Association of Retarded Citizens v. Thompson,* 80 C 0914 (N.D.Ill. July 21, 1982). There is no reason to doubt the adequacy of their representation in the instant case.

Furthermore, since the only allegation is that untimely placement will disadvantage *any* handicapped student, including the named plaintiffs and unnamed present and future plaintiffs, the interests of the named plaintiffs are not antagonistic to the class as a whole. Each class member would be similarly adversely affected by the practices of the defendants which prevent or impede placement. Arguably, each member has a strong personal interest in enjoining such practices. The Court has not been directed to any case which on similar facts would hold otherwise.

In addition to meeting the requirements of Fed.R.Civ.P. 23(a), a class action must qualify under any one of the subsections of Rule 23(b). Here the proposed class qualifies under Rule 23(b)(2). That is, the defendants have acted or failed to act in the same way as to all members of the class: the defendants allegedly have discriminated against handicapped students by denying them the free appropriate education received by non-handicapped children, as guaranteed by federal and state law. Indeed, Fed.R.Civ.P. 23(b)(2) was intended precisely to reach such cases, where application of a clearly defined policy is appropriate to final injunctive or declaratory relief, settling the legality of the behavior with respect to the entire class. *See* Advisory Note to Fed.R.Civ.P. 23, 39 F.R.D. 69, 109. *See also Dixon v. Quern,* 76 F.R.D. 617, 620 (N.D.Ill.1971).

■ The defendants' last argument is that regardless of the propriety of the class, this action is moot because the named plaintiffs no longer await placement. That argument fails too. So long as the named plaintiffs could demonstrate injury in fact or imminent danger of sustaining injury when this action was filed, *i.e.,* that they had standing to sue, their claim would not be mooted by placement subsequent to filing. *See, e.g., Susman v. Lincoln American Corp., supra.* It is undisputed that the named plaintiffs were unplaced when this suit was instituted. Certainly few would dispute that a child's formal learning will deteriorate if he does not attend school. Arguably children with special problems would regress most dramatically absent regular classroom routine. The real question then is not whether these children had been injured or were about to be injured when this action commenced, but whether and at what time the defendants may have incurred liability for those injuries.

Moreover, the posture of this case fits it squarely within the "capable of repetition, yet evading review" exception to the mootness doctrine. *See, e.g., Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Custom v. Trainor,* 74 F.R.D. 409 (N.D.Ill.1977). That doctrine provides that although the plaintiffs no longer are injured or threatened, a case is not mooted where the challenged conduct is capable of repetition and but for the doctrine would evade review.

may not refuse to certify a class simply because some class members prefer to leave violation of their rights unremedied. *Martino v. McDonald's System, Inc., supra.* Nor does this

affidavit aver that Tonya K. and Dennis A. are somehow hostile to and incapable of advocating the rights of Cleo C. or the unnamed plaintiffs. *See* Fed.R.Civ.P. 23(a)(4).

This Circuit's recent case reaffirming the "capable of repetition yet evading review" doctrine is especially relevant here. *See Jones v. Illinois Department of Rehabilitation Services,* 689 F.2d 724 (7th Cir.1982). *Jones* was brought by a deaf student at Illinois Institute of Technology ("IIT"). He argued a federal and state entitlement to the services of an interpreter in order to pursue his education. IIT and the Illinois Department of Rehabilitation Services disputed Jones' claim and refused to provide him with an interpreter. By the time the case was considered, Jones had graduated. He told the trial court that he did not intend to seek a graduate degree. The case was dismissed for mootness. On appeal, the Seventh Circuit reversed and remanded the case, finding that it was capable of repetition and, therefore, not moot. In the court's view, Jones might change his mind about attending graduate school and once more claim the right to an interpreter. Although *Jones* was not a class action, the court also believed that the issue of whether IIT was obligated to provide interpreter services to a deaf student likely would recur since other deaf students attend or would attend IIT. The Court's concern was heightened by evidence of a rubella epidemic in 1963–65 which doubled the number of hearing-impaired infants and led to a current increase in deaf persons approaching college age. *Id.* at 727.

Similarly, although the named plaintiffs currently study in private schools, their problems and those of the unnamed plaintiffs arguably will linger or change. No doubt the defendants will be asked to re-evaluate them and make alternative placement recommendations. At least until each member reaches age 22, he or she is at risk of failing to receive free appropriate education due to untimely placement in private facilities.

Accordingly, the Court certifies the following class:

> all handicapped children, ages 3 through 21 who a) have been excluded, are being, or will be excluded from the defendant Chicago Board of Education public schools because of their handicap, b) have been, are being or will be determined by either the Chicago defendants or through the state administrative process to need placement in a private educational facility and c) have not been, are not being and will not be placed in such facilities by the Chicago defendants in a timely manner.

A status hearing is set for January 5, 1983 at 10:00 a.m.