**ANDRE H., a minor under the age of 21 years, by his mother and next friend, LULA H.; individually and on behalf of all other persons similarly situated, Plaintiffs,**

**v.**

**Gordon AMBACH, in his official capacity as Commissioner of the New York State Department of Education; New York City Department of Juvenile Justice; Ellen Schall, in her official capacity as Commissioner of the New York City Department of Juvenile Justice; Rose Washington, in her official capacity as Director of Spofford Juvenile Detention Center; Leonard Dunston, in his official capacity as Director of the New York State Division for Youth; the Board of Education of the City of New York; James Regan, Joseph Barkan, Miguel Martinez, Amelia Ashe, Irene Impellizzeri, Marjorie Lewis and Stephen Franse, in their official capacities as members of the Board of Education of the City of New York; Anthony Alvarado, in his official capacity as Chancellor of the Board of Education of the City of New York; Nathan Quinones, in his official capacity as Deputy Chancellor of the Board of Education of the City of New York; and Edward Sermier, in his official capacity as Chief Administrator of the Division of Special Education of the Board of Education of the City of New York, Defendants.**

No. 84 Civ. 3114 (DNE).

United States District Court,
S.D. New York.

Feb. 26, 1985.

*Corp. v. Harbil Inc.*, 738 F.2d 223, 226–27 (7th     Cir.1984).

The Legal Aid Society, Juvenile Rights Div., Archibald R. Murray, Attorney-In-Chief, Lenore Gittis, Henry S. Weintraub, Kay G. McNally, Jane M. Sufian, Joseph V. Willey and Paul Stein, New York City, of counsel, for plaintiffs.

Frederick A.O. Schwartz, Jr., Corp. Counsel, Michele Ovesey, Noel Ferris and Elizabeth Dale Kendrick, New York City, of counsel, for City Defendants.[1]

Robert Abrams, Atty. Gen. of the State of New York, Stanley A. Camhi, Frederick K. Mehlman, Sue Barnett Bohringer and Tarquin Jay Bromley, New York City, of counsel, for State Defendants.[2]

---

1. The "City Defendants" include the New York City Department of Juvenile Justice and its officials and Board of Education of the City of New York and its officials.

2. The "State Defendants" are Gordon Ambach, the Commissioner of Education and Leonard Dunston, the Director of the New York State Division for Youth.

## OPINION AND ORDER

EDELSTEIN, District Judge:

This action was commenced by the named plaintiff, Andre H., to require state and local officials to fulfill their obligations as alleged by plaintiff under federal and state laws and regulations to handicapped children at the Spofford Juvenile Center ("Spofford"). The action was brought pursuant to 42 U.S.C. § 1983, The Education for All Handicapped Children Act, 20 U.S.C. § 1400 *et seq.*, and its implementing regulations, 34 C.F.R. § 300 *et seq.*, § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulations, 34 C.F.R. § 104 *et seq.*, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, § 4401 *et seq.* of the New York State Education Law and §§ 116.4 and 200 *et seq.* of the Regulations of the New York State Commissioner of Education. Plaintiff seeks declaratory and injunctive relief and damages against the New York City Department of Juvenile Justice.

Jurisdiction is based on 28 U.S.C. §§ 1331, 1343(3), 1343(4) and 20 U.S.C. §§ 1415(e)(2), (4). The court has pendant jurisdiction over the state law claims.

## BACKGROUND

Plaintiff, Andre H., is 16 years old and is currently a resident at Spofford.[3] Plaintiff alleges that the Defendants have failed to develop and implement policies and procedures relating to the provision of procedural safeguards and to the evaluation, classification and placement of handicapped residents in appropriate educational programs at Spofford.

Regarding his own claim, Plaintiff alleges that prior to being at Spofford, he was classified as handicapped by the Board of Education of the City of New York and placed in a special education program. Since being a resident at Spofford, he claims that he has not been provided with special education and related services designed to meet his needs. Specifically, in relevant part, plaintiff contends that:

(1) Spofford has not identified him as a handicapped child, and that he has not been referred for an evaluation by a committee on the handicapped at Spofford.

(2) That an appropriate educational program has not been recommended for him.

(3) That a committee on the handicapped at Spofford has not met to discuss or make recommendations regarding his educational needs nor has Andre H.'s mother been asked to attend any such meeting.

(4) That an individualized education program has not been developed and implemented to meet his special education and related service needs.

Plaintiff filed a motion for class certification pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The State Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## I. MOTION FOR JUDGMENT ON THE PLEADINGS

The State Defendants contend that the plaintiff has not exhausted the administrative remedies set forth in the EHA[4]

---

**3.** The named plaintiff, Andre H., may no longer be a resident at Spofford on the date that this opinion is filed and the class certified. This will not affect the class certification which will "relate back" to the filing of the complaint. *See Sosna v. Iowa,* 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 559 n. 11, 42 L.Ed.2d 532 (1975).

**4.** The EHA assures that handicapped children and their parents are guaranteed procedural safeguards with respect to the provision of free appropriate public education by state agencies and intermediate educational units. 20 U.S.C. § 1415.

The procedures outlined by the EHA are as follows:

(b) **Required procedures; hearing.** (1) The procedures required by [the EHA] shall include, but shall not be limited to—

(A) an opportunity for the parents or guardians of a handicapped child to examine all relevant records with respect to the identification, evaluation, and educational placement of the child, and the provision of a free appropriate public education to such child, and to obtain an independent educational evaluation of the child;

prior to filing this action and therefore this action must be dismissed. Plaintiff admits that he has not attempted to invoke the procedures set forth by the EHA but contends that to do so would be futile because the procedures are non-existant at Spofford.

The basis for this motion is the Supreme Court decision in *Smith v. Robinson,* —— U.S. ——, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), which was decided after this action was commenced. The Court in *Smith v. Robinson* addressed the procedures to be followed in actions asserting equal protection claims relating to publicly financed special education. The Court concluded that the administrative remedy set forth under the Education of the Handicapped Act ("EHA") was the "exclusive avenue through which the child and his parents [could] pursue their claim." *Id.* at 3470. The same limitation on access to the courts was found to apply to section 504 of the Rehabilitation Act. *Id.* at 3473–74. Thus, the Court required an exhaustion of administrative remedies before bringing a suit in

(B) procedures to protect the rights of the child whenever the parents or guardian of the child are not known, unavailable, or the child is a ward of the State, including the assignment of an individual (who shall not be an employee of the State educational agency, local educational agency, or intermediate educational unit involved in the education or care of the child) to act as a surrogate for the parents or guardian;

(C) written prior notice to the parents or guardian of the child whenever such agency or unit—

(i) proposes or initiate change, or

(ii) refuses to initiate or change, the identification, evaluation, or educational placement of the child or the provision of a free appropriate public education to the child;

(D) procedures designed to assure that notice required by clause (C) fully inform the parents or guardian, in the parents' or guardian's native language, unless it clearly is not feasible to do so, of all procedures available pursuant to this section; and

(E) an opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or provision of a free appropriate public education to such child.

(2) Whenever a complaint has been received under paragraph (1) of this subsection, the parents or guardian shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined by State law or by the State educational agency. No hearing conducted pursuant to the requirements of this paragraph shall be conducted by an employee of such agency or unit involved in the education of the child.

(c) **Review of local decision by State educational agency.** If the hearing required in paragraph (2) of subsection (b) of this section is conducted by a local educational agency or an intermediate educational unit, any party aggrieved by the findings and decision rendered in such a hearing may appeal to the State educational agency which shall conduct an impartial review of such hearing. The officer conducting such review shall make an independent decision upon completion of such review.

(d) **Enumeration of rights accorded parties to hearings.** Any party to any hearing conducted pursuant to subsections (b) and (c) shall be accorded (1) the right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of handicapped children, (2) the right to present evidence and confront, cross-examine, and compel the attendance of witnesses, (3) the right to a written or electronic verbatim record of such hearing, and (4) the right to written findings of fact and decisions (which findings and decisions shall also be transmitted to the advisory panel established pursuant to [20 U.S.C. § 1413(a)(12)]).

(e) **Civil action; jurisdiction.** (1) A decision made in a hearing conducted pursuant to paragraph (2) of subsection (b) shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (c) and paragraph (2) of this subsection. A decision made under subsection (c) shall be final, except that any party may bring an action under paragraph (2) of this subsection.

(2) Any party aggrieved by the findings and decision made under subsection (b) who does not have the right to an appeal under subsection (c), shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant relief as the court determines is appropriate. 20 U.S.C. § 1415.

court,[5] however, the traditional exceptions to the exhaustion requirement may be applied. 121 Cong.Rec. 37146 (1975) (remarks of Sen. Williams); *see Smith v. Robinson, supra,* 104 S.Ct. at 3470 n. 17. The State Defendants assert that the action should be dismissed because the named plaintiff has failed to exhaust the administrative remedies established by the EHA and that no exception to this requirement has been established.

An exception is presented in this case because "the question of the adequacy of the ... remedy is for all practical purposes coextensive with the merits of the plaintiff's ... claim." *Fuentes v. Roher,* 519 F.2d 379, 387 (2d Cir.1975); *see Gibson v. Berryhill,* 411 U.S. 564, 575, 93 S.Ct. 1689, 1696, 36 L.Ed.2d 488 (1973); *see generally Smith v. Robinson supra,* 104 S.Ct. at 3470 n. 17 ("no indication that agencies should be exempt from a fee award where plaintiffs have had to resort to judicial relief to force the agencies to provide them the process they were constitutionally due"); *Sherry v. New York State Dep't of Ed.,* 479 F.Supp. 1328, 1334 (W.D.N.Y.1979) (exhaustion not required when the administrative remedy is lacking). Andre H. alleges that the procedures set forth under the EHA have not been instituted at Spofford. Thus, the question of the adequacy of the procedures for purposes of the exhaustion requirement is the same question raised by the merits of plaintiff's case and falls squarely within this traditional exception to the exhaustion requirement.

Exhaustion not being required, the State Defendants' motion for judgment on the pleadings is denied.

---

**5.** The existence of the exhaustion requirement presumes that the EHA is available to that child. Plaintiff's opposition to defendants' motion is based in part on a claim that the court must find that the EHA applies to residents at Spofford. The reliance on *Smith v. Robinson* by the State Defendants and the claim that the plaintiff must exhaust the remedies set forth in the EHA is an apparent concession by the State that the EHA applies to the residents at Spofford.

## II. MOTION FOR CLASS CERTIFICATION

Plaintiff has moved for class certification pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The proposed class would consist of all current and future residents of Spofford Juvenile Center who are handicapped and in need of special education and related services. In order to be certified as a class, the prerequisites set forth in Rule 23(a) as well as the requirement of Rule 23(b)(2) must be satisfied.

### A. *Rule 23(a) Requirements*

Rule 23(a) establishes the preliminary criteria essential to the maintenance of a class action. In order to be certified, the court must find that:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

### 1. *Numerosity*

Plaintiff contends that the number of present and future residents at Spofford is so numerous that joinder is impractical. Plaintiff relies on estimates of the percentage of children in the custody of the Department of Juvenile Justice who have handicapping conditions requiring special education as well as estimates derived from surveys of other states to support the contention regarding the size of the class. The estimates include 50% by the Department of Juvenile Justice itself[6] and 42% in a survey of state juvenile correction administrators.[7] The average daily census dur-

---

**6.** The 50% estimate of the Department of Juvenile Justice is contained in the New York State Department of Education application for federal financial assistance under the Education for All Handicapped Children Act.

**7.** Statement of Inco Keilitz, Director, Institute on Mental Disability and the Law, National Center for State Courts and Richard Van Duizend, Senior Staff Attorney, National Center for State

ing April 1984 at Spofford was between 140 and 150 residents. Thus, the number of potential class members at any one time exceeds 40. In addition the number of potential class members who will enter Spofford in the future cannot be determined with any accuracy. Thus, in terms of number of members, class certification is favored.

The numerosity requirement is also satisfied based on the nature of the class. The fact that the population at Spofford is constantly revolving establishes sufficient numerosity to make joinder of the class members impracticable. *Green v. Johnson*, 513 F.Supp. 965, 975 (D.Mass.1981); *see Phillips v. Joint Legislative Committee on Performance and Expenditure Review*, 637 F.2d 1014, 1022 (5th Cir.1981), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982).

The court finds that the numerosity requirement has been satisfied.

2. *Common questions of Law and Fact*

Plaintiff asserts that members of the proposed class share common questions of law or fact that include:

a. whether defendants have failed to develop and implement policies and procedures relating to the provision of mandated procedural safeguards for handicapped children at Spofford and their parents or guardians in violation of state laws and regulations;

b. whether defendants have failed to develop and implement policies and procedures relating to the identification, evaluation and placement in appropriate educational programs of handicapped children at Spofford in violation of federal and state laws and regulations;

c. whether defendants have failed to develop and implement policies and procedures relating to the provision of individualized education programs and a free appropriate education to handicapped children at Spofford in violation of federal and state laws and regulations; and

d. whether defendants have failed to ensure the provision of and/or provide handicapped children at Spofford with procedural safeguards, individualized education programs and a free appropriate public education.

Memorandum of Law in Support of Plaintiff's Motion for Class Certification at 12–13. City and State defendants assert that the need to determine separately each individual's membership in the class militates against class certification because the needs of the proposed class would be diverse. This, however, misses the substance of the plaintiff's claim.[8] The claim does not concern a review of the actual determination of the status of the child or a review of a policy not to fund a particular type of treatment, *see, e.g., Burnham v. Department of Public Health of the State of Georgia*, 349 F.Supp. 1335 (N.D.Ga.1972) (denied certification of class alleging denial of adequate diagnosis, care and treatment), *rev'd on other grounds*, 503 F.2d 1319 (5th Cir.1974); *Noe v. Ambach*, No. 80 Civ. 5212 (WCC), slip op. at 5–6 (S.D.N.Y. Apr. 22, 1981) (opinion on class certification motion) (class sought review of alleged policy denying funds for all psychotherapeutic services), rather the claim involves the existence of procedures to make that determination. Thus, although the placement of the students requires an individual determination, this is not a bar to class certification. *See Roncker v. Walter*, 700 F.2d 1058, 1063–64 (6th Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 196, 78 L.Ed.2d 171 (1983); *Green v.*

---

Courts, submitted to The Task Force on Crisis Intervention of The Select Committee on Children, Youth and Family of the United States House of Representatives (citing Morgan, *Prevalence and Types of Handicapping Conditions Found in Juvenile Correctional Institutions: A National Survey*, 13 J. Special Educ. 283 (1979)).

**8.** The cases relied on by the City and State defendants demonstrate this misconception. These cases are inapposite. The defendants' point would be well taken were the plaintiff seeking a review of a determination of his status.

*Johnson,* 513 F.Supp. 965, 975 (D.Mass. 1981).

The common issues of law and fact are whether the EHA applies to the residents at Spofford,[9] and if the EHA applies, whether the procedures pertaining to classification and placement required by the Act are in place at Spofford. These common questions are sufficient to support class certification.

### 3. *Typicality*

■ The typicality prerequisite overlaps with the common question requirement. *Dura-Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R.D. 87, 99 (S.D.N.Y.1981). A plaintiff's claim meets the typicality requirement if it arises from the same course of conduct that gives rise to the claims of other class members and the claims are based on the same legal theory. *Id.* Plaintiff asserts that the claims of the named plaintiff are identical to the claims of proposed class members, specifically the failure to develop policies and procedures regarding the provision of a free appropriate education at Spofford. The City Defendants assert that the typicality requirement has not been met for much the same reason that they assert that there are no common questions of law or fact. This argument again misses the point. The diverse factual situations presented by the potential class members do not affect the legal claim being asserted regarding the development of procedures. The named plaintiff's claim would certainly be atypical if the suit were brought to challenge the classification of Andre H. regarding his need for special education services. Andre H. alleges the identical harm suffered by the entire class as a result of the alleged failure to develop procedures and his claims are therefore typical. *See William S. v. Gill,* 98 F.R.D. 463, 470 (N.D.Ill.1983).

### 4. *Adequate Representation*

■ The determination of adequacy centers on two matters: 1) the adequacy of the representative and 2) the adequacy of

his counsel. *Tonya K. v. Chicago Bd. of Ed.,* 551 F.Supp. 1107, 1112 (N.D.Ill.1982); 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 23.07[1], at 23–202 (1984). The adequacy of the representative depends on whether the plaintiff has interests which are antagonistic to those of the class. *Dura-Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R.D. 87, 101 (S.D.N.Y.1981). The identity of the named plaintiff's claim with those of the class would preclude any such friction.

The second consideration is the ability of counsel for the named plaintiff. The named plaintiff is represented by the Legal Aid Society. Plaintiff sets forth a number of class actions in which Legal Aid has been involved. The list of cases speaks for itself and certainly supports a finding that the plaintiff can adequately represent the class. Further, the plaintiff has thus far demonstrated that he will actively pursue this case. The court therefore finds that the plaintiff can adequately represent the class.

### B. *Rule 23(b)(2) Requirement*

■ To maintain a class action, Rule 23(b)(2) requires that

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

In this case, it is alleged that the defendants have failed to develop and implement policies and procedures to ensure that class members receive individualized education programs and a free appropriate education. The appropriate remedy, should plaintiffs' claims be upheld, is injunctive relief. Rule 23(b)(2) is clearly applicable to this situation and the class action may be maintained. *See Tonya K. v. Chicago Bd. of Ed.,* 551 F.Supp. 1107, 1112 (N.D.Ill.1982);

---

**9.** This issue has apparently been conceded by     the State defendants. See *supra* note 5.

*Green v. Johnson,* 513 F.Supp. 975–76 (D.Mass.1981).[10]

## CONCLUSION

State Defendants' motion for judgment on the pleadings is denied. Plaintiff's motion for class certification is granted. The court hereby certifies the following class:

all current and future residents [11] of the Spofford Juvinile Center who are handicapped and in need of special education and related services.

SO ORDERED.

---

**10.** The named plaintiff also seeks damages against defendant New York City Department of Juvenile Justice. The claim for damages does not preclude certification of the class under Rule 23(b)(2) because the sole relief sought for the class is injunctive relief. *See Lewis v. Tully,* 96 F.R.D. 370, 378 (N.D.Ill.1982).

**11.** Whether "future" is included in the definition of the class has little relevance regarding the defendants' duties should the plaintiff class succeed on the merits. 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 23.40[3], at 23–310 n. 17 (1984). The inclusion of future residents has been permitted to ensure that the action does not become moot should the named plaintiff no longer have a claim against the defendants. *See Lucas v. Wasser,* 73 F.R.D. 361, 362 (S.D.N.Y. 1976).