LOUIS M., a minor, by his mother, VEL-MA M.; Louis T., a minor by his father, Louis T.; and Patricia S., a minor, by her mother, Barbara S., on Behalf of themselves and all others similarly situated, United Cerebral Palsy of New York City, Inc. and the Herbert G. Birch School, Plaintiffs,

v.

Gordon M. AMBACH, individually and as Commissioner of Education of the State of New York, Defendant.

No. 86–CV–919.

United States District Court,
N.D. New York.

Nov. 26, 1986.

Rebell & Katzive, New York City, for plaintiffs; Marion C. Katzive, Michael A. Rebell, of counsel.

Robert Abrams, Atty. Gen., State of N.Y., Albany, N.Y., for defendant; Lawrence H. Doolittle, Asst. Atty. Gen., of counsel.

## MEMORANDUM–DECISION AND ORDER

CHOLAKIS, District Judge.

This is an action on behalf of certain individual plaintiffs, handicapped children,

alleging that they are being denied a free public education as mandated under 20 U.S.C. § 1400 *et seq.* (1982), The Education of the Handicapped Act. They claim that this denial violates their constitutional right to due process under the Fourteenth Amendment of the Constitution of the United States and is actionable under 42 U.S.C. § 1983 (1982). Plaintiffs invoke jurisdiction under 28 U.S.C. §§ 1331 and 1343 (1982). Currently before the Court is plaintiff's motion seeking class certification under Fed.R.Civ.P. 23 for the following class:

> All handicapped individuals age 5 to 21 who are residents of New York State and entitled to an education under 20 U.S.C. § 1401(18), for whom education is not available, and (a) are not receiving an appropriate education and would except for defendant's actions *or*
>
> (b) are currently receiving an appropriate education in a non-public facility but are "at risk"[1] of being denied because of defendant's actions.

Oral argument was heard on this matter on September 19, 1986, at which time certain preliminary issues were resolved. Plaintiff's counsel agreed that the institutional plaintiffs are not seeking class certification. Counsel for both sides also reiterated a prior agreement that the discovery which has already been conducted in *Andrew H. v. Ambach*, 84 CV 131 (N.D.N.Y. filed January 25, 1984), a related action currently pending before this court, shall apply equally in this action.

The challenged conduct of the defendant is the appellate process by which handicapped children, in reality their parents, may contest their removal from the public school system for placement in private schools based upon their individual handicaps. Plaintiffs allege that the State's review of placement decisions is inadequate, does not apply the necessary "appropriateness" standard to private school placements, and is arbitrary and capricious.

They are seeking certification of the proposed class under Fed.R.Civ.P. 23, permissible if the plaintiff class meets the requirements of sections (a) and (b) of that rule. Plaintiffs allege they meet these requirements in that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class, Fed.R.Civ.P. 23(a). They further allege that defendant, who opposes class certification, has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole, in satisfaction of Fed.R.Civ.P. 23(b)(2).

■ Defendant objects to class certification on the basis that the individual plaintiffs are not representative of the proposed class. Defense counsel also urged in his papers filed in opposition to the motion and at oral argument that class certification is inappropriate in this matter since any decision as to the individual plaintiffs would be applied on a statewide basis. I note however, that he would not stipulate to this on the record and, while this court has complete faith in the State Education Department, without such a stipulation class certification will not be denied on this basis. *Arthur v. Starrett City Associates*, 98 F.R.D. 500, 508 (E.D.N.Y.1983); *Wilder v. Bernstein*, 499 F.Supp. 980, 994 (S.D.N.Y. 1980).

## DISCUSSION

*Numerosity:*

■ Fed.R.Civ.P. 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. In this action plaintiffs maintain, and defendant does not contest, that the proposed class consists of

---

1. At oral argument on this matter, plaintiff's counsel stipulated that subpart (b) of the proposed class be modified from those children *"in imminent danger"* of being denied because of defendant's actions", to those children *"are at risk* of being denied because of defendant's actions".

over 10,000 children across the State of New York. Numbers alone, while not determinative, will support the granting of class certification if all other requirements of Rule 23(a) are met. *Demarco v. Edens,* 390 F.2d 836, 845 (2d Cir.1968).

*Commonality:*

Rule 23(a)(2) requires that there be questions of law and fact common to the class. Defendant contends that the commonality requirement is not met here because the appellate process requires a review of each individual child's needs and placement, indicating separate issues in each child's potential law suit. However, since plaintiffs are challenging a *practice* of the defendant, and not defendant's conduct with respect to the individual plaintiffs, they have sufficiently satisfied Rule 23(a)(2). *Koster v. Perales,* 108 F.R.D. 46, 51–52 (E.D.N.Y.1985) (citing *Port Authority Police Benevolent Association v. Port Authority,* 698 F.2d 150, 154 (2d Cir.1983)).

*Typicality of claims:*

Subsection (a)(3) of Rule 23 requires that the claims or defenses of the individual parties typify those of the class. The typicality requirement of Rule 23(a)(3) overlaps the commonality requirement of (a)(2). *Dura-Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R.D. 87, 99 (S.D.N.Y.1981). Defendant maintains that the individual plaintiffs do not meet this requirement. He alleges that none of the individual plaintiffs are members of part (b) of the proposed class, and that they are not typical of the members of part (a). This argument misconstrues Fed.R.Civ.P. 23(a)(3), which does not demand that the claim of each individual plaintiff be identical to those of each member of the class, but only "that the disputed issue occupy essentially the same degree of centrality to the named plaintiffs' claim as to that of other members of their purported class." *Wilder v. Bernstein,* 499 F.Supp. at 992 (quoting *Cotrell v. Virginia Electric and Power,*

*Co.,* 62 F.R.D. 516, 520 (E.D.Va.1974)). A review of the claims raised by the individual plaintiffs indicates they clearly meet this standard.

Plaintiff Louis M. is a 16 year old from Queens, New York, identified by the Commission on the Handicapped in District 29 as emotionally disabled. Because of behavior management problems, he was suspended from a highly specialized public program. Currently he is forced to attend a school a substantial distance from his home, despite the fact that such long distance trips are alleged to have a detrimental effect on his behavior. Because of the lack of an appropriate appeal process, Louis M.'s mother has had no opportunity to bring his behavior problem to the attention of the State, and he remains in an improper placement. Additionally, because Louis M.'s placement in a specialized program must be reviewed each year, and he has been denied appropriate placement in the past, he is "at risk" because of the inadequate review process of being denied appropriate placement approval in the future.

Louis T. is 16 year old from Yonkers, New York, whom the Commission on the Handicapped for the Yonkers Public School District has identified as requiring placement in a residential setting. Louis T. is currently receiving educational services, but because he has been classified as a person in need of supervision (P.I.N.S.), his parents are required to subsidize his education, in contravention of the free education required by The Education of the Handicapped Act. The P.I.N.S. classification is allegedly the result of defendant's refusal to authorize residential schooling for Louis T., despite the recommendation from his school district after extensive meetings with his parents. Because his parents have been unable to appeal defendant's refusal of residential placement, Louis T. was taken out of school entirely, causing a regression in his behavior to a level at which his parents were forced to

petition the family court for the P.I.N.S. classification.

Patricia S. is a multiply handicapped child repeatedly excluded from public education due to behavior problems. Defendant alleges she was excluded from school on the basis of a hearing disability. However, there is sufficient evidence in the record submitted by her doctors to indicate she might best be served by placement in a facility for multiply handicapped children. Defendant's representatives have refused to attend hearings on her placement, and have failed to provide an adequate review process by which to identify her individual needs. At this time she is out of school entirely.

The experiences of these children typify the diverse adverse effects that an inadequate review of the placement process can have on handicapped children. The differences among the individual plaintiffs and other class members do not affect their central claim, for "the proper inquiry upon a motion for class certification in a civil rights action should be, ... upon the broader issue of whether plaintiffs are members of the class they seek to represent, and whether the class as a whole has standing to sue the named defendants[.]" *Wilder v. Bernstein,* 499 F.Supp. at 993–94. The mere existence of diverse factual situations does not affect the legal claim being asserted. *Andre H. v. Ambach,* 104 F.R.D. 606, 612 (S.D.N.Y.1985). Clearly, these children satisfy the typicality requirement for class certification.

*Fair and adequate representation:*

■ The final requirement of Rule 23(a), set forth in subdivision (4), is that the representatives of the parties will fairly and adequately represent the interests of the class. A determination as to the adequacy of representation is a matter committed to the sound discretion of the court. *Malchman v. Davis,* 761 F.2d 893, 899 (2d Cir.), *cert. denied, sub nom., Mountain Plains Congress of Senior Organizations v. Malchman,* — U.S. —, 106 S.Ct. 1798, 90 L.Ed.2d 343 (1985). Such a determination "generally requires consideration of such issues as whether class counsel are experienced and qualified to represent the class, whether the class representatives will vigorously pursue the claims of all members, and whether the representative[s have] interests antagonistic to those of other members." *Fisher v. Plessy Co. Ltd.,* 103 F.R.D. 150, 157 (S.D.N.Y.1984).

■ This court is convinced that counsel for the individual plaintiffs clearly fulfill the adequacy requirement. They have represented to the court that they have a great deal of experience in litigating claims similar to those in the current action. They have more than adequately represented the individual plaintiffs throughout this action, as well as those in the pending action, *Andrew H. v. Ambach,* 84 CV 131. This court was impressed with the quality of the papers submitted in support of the current motion, as well as the substantial wealth of knowledge evidenced at oral argument. Defendant has raised no objection to their continued representation should class certification be granted, and this court sees none. Additionally, looking to the individual plaintiffs, the identity of claims precludes any friction between their interests and those of the proposed class. *Andre H. v. Ambach,* 104 F.R.D. at 612.

*Fed.R.Civ.P. 23(b)*

■ Along with satisfying the requirements of Rule 23(a), prior to the certification of the class, the moving parties must also satisfy one of the requirements of Rule 23(b). Plaintiffs contend that they fall within the scope of 23(b)(2), which provides, "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole". Plaintiffs are challenging the failure to implement appropriate appellate procedures; clearly the appropriate remedy is injunctive relief, as such

**138**

their claim falls within the scope of Rule 23(b)(2). *Andre H.,* 104 F.R.D. at 612.

*Defendant's Other Objections:*

 Defendant also challenges class certification on the basis that plaintiffs have failed to exhaust their administrative remedies under *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). However, "an exception is presented in this case because 'the question of the adequacy of the . . . [administrative] remedy is for all practical purposes coextensive with the merits of the plaintiffs . . . claim.' " *Andre H.,* 104 F.R.D. at 610 (quoting *Fuentes v. Roher,* 519 F.2d 379, 387 (2d Cir.1975)).

Finally, defendant alleges that plaintiffs should be denied class certification because their claims are identical to those asserted in *Jose P. v. Ambach,* 557 F.Supp. 1230 (E.D.N.Y.1983), wherein the District Court has retained jurisdiction and appointed a special master. However, a review of the issues in *Jose P.* indicates that they are not coextensive with those asserted in the present action. Unlike *Jose P.,* which challenges the individual placement process for children in New York City school districts, this action challenges the appellate process by which those placements may be contested, an entirely separate issue.

For the reasons set forth herein, plaintiff's motion for class certification as to plaintiff's proposed class is granted. Upon entry of the judgment in this matter, following the filing of this order, the Clerk shall state therein that plaintiff class consists of:

All handicapped individuals age 5 to 21 who are residents of New York State and entitled to an education under 20 U.S.C. § 1401(18), for whom education is not available, and (a) are not receiving an appropriate education and would except for defendant's actions *or*

(b) are currently receiving an appropriate education in a non-public facility but are "at risk" of being denied because of defendant's actions.

It is so ordered.