Edna M. VERDOW, by her Attorney–in–Fact Mary E. MEYER, Individually and on behalf of a Class of all other persons similarly situated; Michael E. Chanko, by his Attorney–in–Fact Richard Chanko, Individually and on behalf of a Class of all other persons similarly situated; Robert L. Rumpf, by his Attorney–in–Fact David G. Rumpf, Individually and on behalf of a Class of all other persons similarly situated; and Helen B. Sprout, by her Attorney–in–Fact Esther S. McKay, individually and on behalf of a class of all other persons similarly situated, Plaintiffs,

v.

David SUTKOWY, in his official capacity as Commissioner of the Onondaga County Department of Social Services; Elane M. Daly, in her official capacity as Director of the Cayuga County Department of Health and Human Services; and Antonia Novello, M.D., in her official capacity as Commissioner of the New York State Department of Health, Defendants.

No. 5:01–CV–1468(HGM/GJD).

United States District Court,
N.D. New York.

Sept. 11, 2002.

Woods Oviatt Gilman, LLP (Rene H. Reizach, Esq., of counsel) Rochester, NY, Hancock & Estabrook, LLP (Cora A. Alsante, Esq., of counsel), Syracuse, NY, Walter C. Foulke, Esq., Auburn, NY, for Plaintiffs.

Onondaga County Department of Social Services (Robert L. Jokl, Jr., Esq., Zachary L. Karmen, Esq., of counsel) Syracuse, NY, for Defendant Sutkowy.

Frederick R. Westphal, Esq., Auburn, NY, for Defendant Daly.

Hon. Eliot L. Spitzer, Attorney General of the State of New York (Patrick F. Macrae, AAG, of counsel) Syracuse, NY, for Defendant Novello.

### MEMORANDUM—DECISION AND ORDER

MUNSON, Senior District Judge.

Currently before the court are plaintiffs' motions for class action certification and summary judgment and defendants' cross-motion for summary judgment. For the reasons that follow below, plaintiffs' motion for class action certification is GRANTED, plaintiffs' motion for summary judgment is GRANTED, and defendants' cross-motion for summary judgment is DENIED.

### BACKGROUND

The material facts of this case are not in dispute. Plaintiffs are elderly nursing home residents whose Medical Assistance ("Medicaid") applications were denied because they are potential beneficiaries of self-settled trusts containing limited powers of appointment.

Pursuant to 42 U.S.C. § 1983, plaintiffs brought suit for themselves and others similarly situated against officials responsible for administering the Medicaid program in Onondaga County, Cayuga County, and New

York State, alleging violations of the federal Medicaid statute, Title XIX of the Social Security Act, 42 U.S.C. §§ 1396, *et seq.* Specifically, the question presented in the Amended Complaint is the validity of defendants' policy that a limited power of appointment makes the assets of a trust an available resource for purposes of determining Medicaid eligibility, despite the fact that the trusts are irrevocable and the trustees have no discretion to distribute or invade the principal for plaintiffs' benefit.

Currently before the court are plaintiffs' motion for class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants have also filed a cross-motion for summary judgment. Opposition has been entered to each of the motions and oral argument was heard in Syracuse, New York on March 8, 2002.

## DISCUSSION

### I. *Motion for Class Action Certification*

Plaintiffs seek class action certification pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of a class of persons defined as:

> All persons in the State of New York who are now, have been during the three years prior to filing of this complaint or may in the future be applicants or recipients of Medicaid for the medically needy based on their being aged, blind or disabled, and who are (or whose spouses are) the beneficiaries of self-settled trusts which contain provisions granting to them a limited power of appointment.[1]

A plaintiff seeking class certification bears the burden of demonstrating that the class satisfies the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure: numerosity, commonality, typicality, and adequacy of representation. *See Marisol A. v. Giuliani*, 126 F.3d 372, 375 (2d Cir.1997). Additional-

ly, a plaintiff must demonstrate that the proposed class action fits within one of the three categories described in Rule 23(b) of the Federal Rules of Civil Procedure. *See Green v. Wolf Corp.*, 406 F.2d 291, 298 (2d Cir. 1968). Although the plaintiff bears the burden of proving that its proposed class is appropriate for certification, the plaintiff is not obligated to make an extensive evidentiary showing in support of its motion. *See Follette v. Vitanza*, 658 F.Supp. 492, 505 (N.D.N.Y.1987) (Munson, C.J.). The law in the Second Circuit favors the liberal construction of Rule 23 and courts may exercise broad discretion when they determine whether to certify a class. *See Gary Plastic Packaging Corp. v. Merrill Lynch*, 903 F.2d 176, 179 (2d Cir.1990).

### A. *Rule 23(a)*

Initially, the court must determine that each of the four prerequisites to class certification outlined in Rule 23(a) are satisfied. For the foregoing reasons, the court finds that each of the prerequisites are met.

### 1. *Numerosity*

■ Rule 23(a)(1) requires a finding that the numerosity of injured persons makes joinder of all class members "impracticable." Impracticable does not mean impossible, but simply difficult or inconvenient. *See Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). Generally, numerosity is presumed when a class comprises forty or more members. *See id.* at 936. A plaintiff is not obligated to identify the exact number of class members. *See id.* at 935. However, a plaintiff seeking class certification bears the burden to show some evidence or reasonable estimate of the number of class members. *See Weissman v. ABC Fin. Serv., Inc.*, 203 F.R.D. 81, 84 (E.D.N.Y.2001). While not determinative, the number of class members will support the granting of class certification if all other requirements of Rule 23(a) are

---

1. This class definition is slightly more expansive that the class definition articulated in the Complaint. Plaintiffs added the parenthetical "or whose spouses are" because, subsequent to the preparation of the Complaint, plaintiffs' counsel learned of a situation where Medicaid coverage was denied because the non-applicant community spouse of a Medicaid applicant was the beneficiary of a *self-settled trust* containing a limited power of appointment. Defendants have not challenged the modification of the class definition.

met. *See Louis M. by Velma M. v. Ambach,* 113 F.R.D. 133, 136 (N.D.N.Y.1986) (Cholakis, J.).

Plaintiffs claim that six persons in Cayuga and Onondaga counties were denied Medicaid benefits within the previous six months on the basis of the challenged policy. For the year 2000, Cayuga and Onondaga counties represented only 2.65207% of the statewide caseload for medically needy aged, blind and disabled Medicaid recipients. If the six known denials occurring within the previous six months are extrapolated statewide based on the year 2000 percentage, plaintiffs claim a class membership of 226 persons. Plaintiffs point out that the year is not over and there are undoubtedly other affected class members, but a class membership of approximately 226 members is sufficient to establish numerosity.

Defendants argue that the additional six persons could be joined as named parties and class action certification is unnecessary. However, the court disagrees. The approximately 226 class members affected statewide by the challenged policy are sufficient to meet the numerosity prerequisite of Rule 23(a).

### 2. *Commonality*

■ Rule 23(a)(2) requires that there must be "questions of law or fact common to the class." Commonality "does not mean that all issues must be identical as to each member, but it does require that plaintiffs identify some unifying thread among the members' claim that warrants class treatment." *Jackson v. Foley,* 156 F.R.D. 538, 542 (E.D.N.Y. 1994). At least one common question must be identified. *See Follette,* 658 F.Supp. at 506.

Plaintiffs claim that there is clearly a common question of law, namely whether defendants are violating federal law by their policy of denying Medicaid eligibility for persons who are (or whose spouses are) beneficiaries of self-settled trusts that contain provisions reserving a limited power of appointment.

Defendants argue that each potential class member has a unique trust document that establishes and controls the operation of the specific trust. Therefore, an individualized examination of each potential class member's trust document precludes class certification because class membership could only be determined following such an examination.

The court finds defendants' argument unpersuasive. Plaintiffs' narrowly-worded class definition provides an appropriate framework for creating a class faced with a common question of law required by the commonality prerequisite of Rule 23(a).

### 3. *Typicality*

■ Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The court must determine "whether other members of the class have the same or similar injury, whether the action is based on conduct not special or unique to the named plaintiffs, and whether the other class members have been injured by the same course of conduct." *Dura–Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R.D. 87, 89 (S.D.N.Y.1981). Factual differences will not prevent class certification where the claims arise from a common legal theory. *See id.* at 99.

The court finds that the claims of the representative plaintiffs are clearly typical of the claims of the class members. Each member is equally affected by defendants' policy of denying Medicaid eligibility for persons who are (or whose spouses are) beneficiaries of self-settled trusts that contain provisions reserving a limited power of appointment.

### 4. *Adequacy of Representation*

■ Rule 23(a)(4) requires the representative parties to "fairly and adequately protect the interests of the class." Under this rule, there are two considerations: (1) class counsel must be qualified, experienced, and generally able to conduct the litigation, and (2) class members must not have interests that are antagonistic to each other. *See In re Joint Eastern and Southern Dist. Asbestos Litigation,* 78 F.3d 764, 778 (2d Cir.1996). The determination as to the adequacy of representation is within the sound discretion

of the court. *See Louis M.,* 113 F.R.D. at 137.

### a. Adequacy of Class Counsel

The character, competence, and quality of plaintiffs' counsel are relevant considerations as to the adequacy of counsel. *See Kingsepp v. Wesleyan Univ.,* 142 F.R.D. 597, 599 (S.D.N.Y.1992). Plaintiffs' counsel are experienced in class action litigation involving Medicaid eligibility in the federal courts, as well as Medicaid eligibility in general. Therefore, the court finds that class counsel is qualified, experienced, and generally able to conduct the litigation in the present case.

### b. Adequacy of Class Members

There is no conflict of interest among class members because they would all benefit from a judgment preventing defendants from denying Medicaid benefits to them on the basis of the terms of a trust. Therefore, the court finds that the class members do not have interests that are antagonistic to each other and that the adequacy of representation prerequisite of Rule 23(a) is satisfied.

### B. *Rule 23(b)*

■ If a potential class satisfies the prerequisites of Rule 23(a), the court must determine if the class action qualifies under one of the categories set forth in Rule 23(b). In the present case, plaintiffs assert that Rule 23(b)(2) applies. Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

If successful with respect to their claims, plaintiffs would be entitled to both injunctive and declaratory relief based on defendants' policy of denying Medicaid eligibility to individuals that are beneficiaries of self-settled irrevocable trusts containing provisions granting them a limited power of appointment. Therefore, plaintiffs qualify under the category set forth in Rule 23(b)(2), and the court finds that class action certification is appropriate in the present case.

### II. *Motion and Cross–Motion for Summary Judgment*

Plaintiffs moved and defendants cross-moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for a determination of the legality of defendants' policies and determinations.

### A. *Standard for Summary Judgment*

The standard for summary judgment is well-settled. Rule 56 of the Federal Rules of Civil Procedure allows for summary judgment where the evidence demonstrates that "there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is properly regarded as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) (quoting Federal Rule of Civil Procedure 1). A motion for summary judgment may be granted when the moving party carries its burden of showing that no triable issues of fact exist. *See Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). In light of this burden, any inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party. *See id.; United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam). If the moving party meets its burden, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). To defeat a motion for summary judgment, however, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A dispute regarding a material fact is genuine "if evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. When reasonable minds could not differ as to the import of the

**314**

evidence, then summary judgment is proper. *See id.* at 250–251, 106 S.Ct. at 2511.

### B. *Plaintiff's § 1983 Claims*

In order to establish a claim under 42 U.S.C. § 1983, plaintiffs must plead and prove two elements: (1) that defendants acted "under color of law," and (2) that defendants' conduct deprived plaintiffs of a right, privilege, or immunity secured by the Constitution or the laws of the United States. *See Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990); *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The first element is clearly satisfied—defendants, acting as heads of their respective agencies, manage the administration of Medicaid benefits in accordance with federal law. The court will now proceed to the question of whether the second element has been satisfied.

### 1. *Violation of 42 U.S.C. § 1396a(a)(10)(C)(i)(III)*

Title XIX of the Social Security Act, 42 U.S.C. §§ 1396, *et seq.,* established the Medicaid program, which is intended to provide financial assistance to needy individuals for medical care and treatment. Under the federal-state cooperative program, participating states receive federal financial assistance to administer their individual plans. In exchange, a participating state's plan must comport with the regulations of the Social Security Act and the regulations promulgated by the Secretary of Health and Human Services. 42 U.S.C. § 1396a(a).

There are two types of individuals that may be covered by Medicaid: (1) the "categorically needy," and (2) the "medically needy." The "categorically needy" are individuals who are eligible for cash assistance under the Aid to Families with Dependant Children Act ("AFDC") program or the Supplemental Security Income ("SSI") program. Participating states must provide coverage to the categorically needy.

The "medically needy" are individuals who satisfy the non-financial eligibility criteria for AFDC or SSI, but whose incomes exceed the financial eligibility levels permitted under the applicable program. States may elect to cover the medically needy, and New York has chosen to do so. However, once a state elects to cover the medically needy, it must cover them on an equal basis to the categorically needy.

Title 42, Section 1396a(a)(10)(C)(i)(III) of the United States Code provides that:

> A State plan for medical assistance must— ... (10) provide—... (C) that if medical assistance is included for any group of individuals described in section 1396d(a) of this title who are not described in subparagraph (A) or (E), then—(i) the plan must include a description of ... (III) the single standard to be employed in determining income and resource eligibility for all such groups, and the methodology to be employed in determining such eligibility, which shall be no more restrictive than the methodology which would be employed under the supplemental security income program in the case of groups consisting of aged, blind, or disabled individuals in which such a program is in effect.

In their papers, plaintiffs claim that defendants have violated and are violating the statute by using a methodology for determining resource eligibility for Medicaid that is more restrictive than the methodology employed by the Supplemental Security Income ("SSI") program. However, at oral argument, plaintiffs' counsel stated that the "comparability" argument does not have to be examined because the "availability" argument addresses the issue. Therefore, the court will proceed to plaintiffs' "availability" argument.

### 2. *Violation of 42 U.S.C. § 1396a(a)(17)(B) and 42 U.S.C. § 1396p(d)(3)(B)(i)*

Title 42, Section 1396a(a)(17)(B) of the United States Code provides that:

> A State plan for medical assistance must— ... (17) ... include reasonable standards ... for determining eligibility for and the extent of medical assistance under the plan which ... (B) provide for taking into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary,

available to the applicant or recipient and ... as would not be disregarded (or set aside for future needs) in determining his eligibility for such aid, assistance or benefits

Plaintiffs claim that defendants have violated and are violating the statute by taking into account resources that are not available to the Medicaid applicant and that would be disregarded in determining SSI eligibility. This statute, insofar as it prohibits counting resources that would be disregarded in determining eligibility for SSI, restates the "comparability" rule of § 1396a(a)(10)(C)(i)(III).

In order to determine whether the trust corpus is an available resource for Medicaid eligibility purposes, the court must examine whether the irrevocable trusts in the present case fall within the provisions stated in 42 U.S.C. § 1396p(d)(3)(B)(i). Title 42, Section 1396p(d)(3)(B)(i) of the United States Code, also known as the "Medicaid Qualifying Trust" statute, provides that:

> In the case of an irrevocable trust—(i) if there are any circumstances under which payment from the trust could be made to or for the benefit of the individual, the portion of the corpus from which, or the income on the corpus from which, payment to the individual could be made shall be considered resources available to the individual

Plaintiffs claim that defendants have violated and are violating the statute by considering trust corpus as an available resource to plaintiffs despite a lack of circumstances allowing for payment from the corpus to the plaintiffs or for their benefit.

Defendants argue that the section must be examined from a statutory construction perspective and that "any circumstances" must be interpreted broadly in accord with the probable intent of the statute. Specifically, defendants argue that under § 7–1.9 of the New York Estates, Powers and Trusts Law ("E.P.T.L."), any trust can be revoked, provided that all beneficiaries consent, in writing, to the revocation. Therefore, defendants argue, the assets held in trust should be considered available to plaintiffs because they could utilize their retained power to change beneficiaries to individuals amenable to revoking the trust and revoke an otherwise irrevocable trust.

In response, plaintiffs correctly point out that defendants' argument has an apparent flaw—it would render all trusts revocable for Medicaid evaluation purposes. New York Social Services Law § 366(2)(b)(2)(ii) addresses the treatment of irrevocable trusts during an evaluation of income and resources available to an applicant for Medicaid. Additionally, E.P.T.L. § 11–2.3(b)(5)(C)(ix) prevents the trustee of an irrevocable lifetime trust from making any adjustment that would cause any public benefit program (i.e., Medicaid) to consider the adjusted principal or income to be an available resource. In order for either statute to have meaning, an irrevocable trust for Medicaid purposes must exist. Therefore, the irrevocable trusts at issue in the present case must be considered irrevocable for Medicaid purposes, despite the existence of E.P.T.L. § 7–1.9.

Defendants' argument was recently rejected by a New York State Supreme Court in *Spetz v. New York State Dep't of Health*, 190 Misc.2d 297, 737 N.Y.S.2d 524 (Sup.Ct., Chautauqua Co., Jan. 15, 2002). In *Spetz*, Medicaid benefits were denied on the basis of the creation of an irrevocable trust containing a limited lifetime power of appointment by petitioner's husband. *Id.* at 525–26. The court rejected the argument that E.P.T.L. § 7–1.9 allows any trust to be revocable and therefore potentially available for Medicaid evaluation purposes. The court pointed out that "[t]o hold otherwise would eviscerate the federal and state statutes providing, in detail, for the protection of assets through the use of irrevocable trusts, since every trust would be presumed to be revocable under § 7–1.9." *Id.* at 526. In support of its conclusion, the court examined sections 3259.1(A)(5) and (6) of the State Medicaid Manual of the Health Care Financing Administration of the United States Department of Health and Human Services. *Id.* at 526–27. Section 3259.1(A)(5) states that "a trust which is called irrevocable but which terminates if some action is taken *by the grantor* is a revocable trust for purposes of this instruction." (emphasis added). Section

3259.1(A)(6) states that "[a]n irrevocable trust is a trust which cannot, in any way, be revoked *by the grantor.*" (emphasis added). The court concluded that because the beneficiaries have the power to revoke the trust under § 7–1.9, not the grantor, the trust at issue remained irrevocable. *Id.* at 527.

Additionally, defendants' claim that plaintiffs could somehow use their retained power to change beneficiaries to individuals amenable to revoking the trust is entirely speculative. The *Spetz* court rejected this argument as well and this court agrees wholeheartedly. Absent evidence of bad faith or fraud, the decision of whether or not to provide Medicaid benefits should not be based upon the remote possibility of collusion. In the present case, defendants have not presented any evidence that would support a claim of bad faith or fraud by the plaintiffs. Therefore, this court cannot accept defendants' claim that the possibility of future collusion by plaintiffs and amenable beneficiaries renders the trusts revocable and the assets therein an available resource for Medicaid eligibility purposes.

Based upon the foregoing analysis, this court does not hold that the statutory right of revocation under E.P.T.L. § 7–1.9 represents one of the "circumstances" contemplated by 42 U.S.C. § 1396p(d)(3)(B)(i). Additionally, there are no possible circumstances under which payment from the corpus of the irrevocable trusts could by made to or for the benefit of plaintiffs. Therefore, defendants denial of plaintiffs' Medicaid benefits because they allegedly are potential beneficiaries of self-settled trusts containing limited powers of appointment exceeds the limits of federal law and specifically is in violation of the "Medicaid Qualifying Trust" statute.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED,** that plaintiffs' motions for class action certification and summary judgment are **GRANTED.** It is further

**ORDERED,** that defendants' motion for summary judgment is **DENIED.** It is further

**ORDERED,** that the Clerk of the Court serve a copy of this Memorandum—Decision and Order upon the parties by regular mail.

**IT IS SO ORDERED.**